IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

QUEWAUNE HENDERSON,

    Plaintiff,

v.                                      CIVIL ACTION NO. 4:16-cv-166

OFFICER JAMES HULING,

    Defendant.

*MEMORANDUM OPINION AND ORDER*

Before this court is Officer James Huling's ("Defendant") Motion to Dismiss Quewaune Henderson's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). Having reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed a successive complaint against Defendants on two counts[1] on November 10, 2016. ECF No. 1 at 1-5. Count One charges Defendant with violating 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution. *Id.* at 2-5. Count Two charges Defendants with negligence and gross negligence under the laws of the Commonwealth of Virginia. *Id.* at 4-5. Plaintiff also moved for judgment against Defendants, jointly and severally, for compensatory and punitive damages. *Id.* at 5.

---

[1] Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, "a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, Plaintiff's Complaint makes it difficult to determine what is being charged in Counts One and Two.

1

Defendant Spence filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on December 9, 2016. ECF No. 4. Defendant Huling also filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on December 12, 2016. ECF No. 10. Plaintiff filed a response to both motions on December 22, 2016. ECF Nos. 14, 15. Defendants filed rebuttal briefs to Plaintiff's response on January 10, 2017. ECF Nos. 16, 17. Defendants also requested a hearing on January 10, 2017, and January 30, 2017. ECF Nos. 18, 19. The Court granted Defendants' request for a hearing and held the hearing on April 24, 2017. ECF No. 20-21. The Court dismissed with prejudice all claims as to Officer Thomas Spence. *Id.* The Court also dismissed with prejudice all claims as to Officer James Huling, but granted Plaintiff leave to file an amended complaint, within 15 days, as to excessive force and gross negligence. *Id.*

Plaintiff filed his amended complaint against Officer Huling on May 8, 2017. ECF No. 22. Officer Huling filed the answer to the complaint on May 24, 2017. ECF No. 29. Officer Huling also filed this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on May 24, 2017. ECF No. 27. Plaintiff filed his response on June 6, 2017. ECF No. 30. Officer Huling filed his rebuttal brief on June 12, 2017, and requested a hearing on this matter. ECF No. 31-32.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the

facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969).

Although a complaint need not contain detailed factual allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the factual allegations alleged by the plaintiff do not nudge the plaintiff's claims "across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570.

### III. DISCUSSION

**Count One: Eight & Fourteenth Amendments (Cruel and Unusual Punishment)**

In the Complaint, Plaintiff alleges Defendant violated his Eighth Amendment rights.

The Eighth Amendment, which applies to the states through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. Accordingly, the Due Process Clause governs a pretrial detainee's excessive force claims. *Sawyer v. Asbury*, 537 F. App'x 283, 290 (4th Cir. 2013) (citing *Carr v. Deeds*, 453 F.3d 593, 605 (4th Cir. 2006)). To prevail on an excessive force claim, a plaintiff must prove "'that Defendants inflicted unnecessary and wanton pain and suffering' upon the detainee." *Id.* (quoting *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir.1998)). "The proper inquiry is whether the force applied was in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* (quoting *McDuffie*, 155

3

F.3d at 483). A plaintiff is no longer required to demonstrate that his injuries are not de minimis. *Id.* (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 35 (2010)).

In determining whether an officer's actions have violated due process, a court must consider "the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* (quoting *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir.2008)).

Here, Plaintiff never directly claims that Defendant used excessive force in arresting him. Plaintiff simply suggests that Defendant used excessive force by stating, "[w]hile Plaintiff was restrained in handcuffs, Defendant Huling, unlawfully and without just cause or provocation slammed the Plaintiff with force to the ground and began beating on him and tased him." Compl. ¶ 13.

With regard to Plaintiff's medical claims, Plaintiff never alleges any specific injury. In fact, Plaintiff simply says that after he was "brutally beaten," the "police" called an ambulance to examine Plaintiff. Compl. ¶ 14. Shortly after the paramedics assessed and "acknowledged his injuries without treating Plaintiff . . . [a] Newport News patrol police officer proceeded to take the plaintiff to jail . . . ." Although Plaintiff claims he demanded to be taken to the emergency room, Plaintiff never specifies the type of injury he endured, and never claims to have visited the doctor after being released from jail to address said injuries. Accordingly, the Complaint admits that the Plaintiff received attention from a medical provider at the time of the incident. Compl. ¶ 14 ("The paramedic opened the door to the police car, looked at the plaintiff, acknowledged his injuries and without treating the Plaintiff [sic], closed the door."). For these reasons, Plaintiff's Eighth and Fourteenth Amendment charges are dismissed.

4

**Count One: Negligence and the Due Process Clause of the Fourteenth Amendment**

Plaintiff alleges that Defendant's "deliberate indifference and negligence to his safety resulted in . . . physical abuse" that resulted in a deprivation of "liberty without due process of the law as guaranteed under the Fourteenth Amendment of the United States Constitution." Compl. ¶ 7.

"[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). "[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. It is, on the contrary, behavior at the other end of the culpability spectrum that would most probably support a substantive due process claim." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (internal citations omitted).

As expressed, negligent conduct does not implicate the Fourteenth Amendment's guarantee of substantive due process. Accordingly, Plaintiff's negligence claim, pursuant to the Fourteenth Amendment, is dismissed.

**Count One: Fourteenth Amendment Claim For The Denial of Medical Treatment**

Plaintiff alleges that Defendant denied him of an opportunity to receive medical treatment.

The Due Process Clause of the Fourteenth Amendment guarantees a detainee a right to receive medical treatment while in police custody. *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). The Fourth Circuit analyzes Fourteenth Amendment claims for inadequate medical care under the Eighth amendment "deliberate indifference" standard. *Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001) (citing *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001)). To prevail on a Fourteenth Amendment claim for lack of medical care, the Plaintiff must plead facts

5

establishing a claim of (1) deliberate indifference to medical need, (2) the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Martin v. Gentile*, 849 F.2d 863, 870-71 (4th Cir. 1988)).

A "deliberate indifference" requires that a defendant "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The deliberate indifference standard must be viewed subjectively, and the Supreme Court equates deliberate indifference with the "subjective recklessness" standard found in criminal law. *Harris*, 240 F.3d at 389 (citing *Farmer*, 511 U.S. at 839-40). In the Fourth Circuit, "an official who responds reasonably to a known risk has not 'disregarded an excessive risk to inmate health or safety,' and has therefore not acted with deliberate indifference." *Id.* at 389 (second citation omitted) (quoting *Farmer*, 511 U.S. at 837).

Here, Plaintiff failed to state a claim for a failure to provide medical care under the Fourteenth Amendment because the Complaint does not allege that Defendant denied or interfered with the Plaintiff's medical care. The Complaint notes that unidentified Newport News Police Officers summoned an ambulance to treat the Plaintiff where Plaintiff was seen by a paramedic. Additionally, Plaintiff does not allege that Defendant interfered with Plaintiff's access to medical treatment. *See* Compl. ¶ 14. For these reasons, Plaintiff's negligence argument, pursuant to the Fourteenth Amendment, and medical treatment, is dismissed.

**Count Two: Negligence in general**

Plaintiff charges that Defendant's "deliberate indifference and negligence to his safety resulted in . . . [Plaintiff's] physical abuse."

The elements of an action in negligence are a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff. *Blue Ridge Serv. Corp. of Va. v. Saxon Shoes, Inc.*, 271 Va. 206, 218 (Va. 2006) (citing *Trimyer v. Norfolk Tallow Co.*, 192 Va. 776, 780 (Va. 1951)). "The proximate cause of an event is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred." *Id.* at 218 (quoting *Beale v. Jones*, 210 Va. 519, 522 (Va. 1970)). The evidence tending to show causal connection must be sufficient to take the question out of the realm of mere conjecture, or speculation, and into the realm of legitimate inference, before a question of fact for submission to the jury has been made out. *Id.* "It is incumbent on the plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover." *Id.* (quoting *Weddle v. Draper*, 204 Va. 319, 322 (Va. 1963)).

The crux of Defendant's argument is that Count Two should be dismissed against him because (1) Defendant is immune against any claims of negligence arising out of his police duties, and (2) there is no allegation that the Plaintiff was injured at all during Defendant Spence's handcuffing of him.

Defendant Huling also argues that Plaintiff may be seeking to assert intentional tort claims for battery in Count Two under the guise of negligence. ECF No. 11 at 12; *see* Compl. ¶¶ 13, 19. Defendant Huling notes that the tort of negligent battery does not exist, and that functionally the Plaintiff cannot bypass the pleading requirements of an intentional tort by simply pleading a negligence cause of action.

Here, Plaintiff was arrested for Assaulting a Police Officer, in violation of § 18.2-57, Resisting Arrest, in violation of § 18.2-479.1, and Public Intoxication, in violation § 28-12. Additionally, upon being injured, Plaintiff admits that he was seen by paramedics shortly after being detained. While Plaintiff may have desired for better care, Plaintiff has not presented any facts to support a claim that Defendant was negligent. For these reasons, Plaintiff's general negligence claim is dismissed.

**Count Two: Gross Negligence**

Plaintiff alleges that Defendant's conduct was a proximate cause of Plaintiff's harm and further alleges that Defendant was grossly negligent in failing to provide for Plaintiff's safety.

Gross negligence is "a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." *Elliott v. Carter*, 292 Va. 618, 622 (Va. 2016) (citing *Cowan v. Hospice Support Care, Inc.*, 268 Va. 482, 487 (Va. 2004)).

> It is a heedless and palpable violation of legal duty respecting the rights of others which amounts to the absence of slight diligence, or the want of even scant care. Several acts of negligence which separately may not amount to gross negligence, when combined may have a cumulative effect showing a form of reckless or total disregard for another's safety. Deliberate conduct is important evidence on the question of gross negligence.

*Id.* (citing *Chapman v. City of Virginia Beach*, 252 Va. 186, 190 (Va. 1996)). Gross negligence "requires a degree of negligence that would shock fair-minded persons, although demonstrating something less than willful recklessness." *Id.* (citing Cowan, 268 Va. at 487); *see also Thomas v. Snow*, 162 Va. 654, 661 (Va. 1934) ("Ordinary and gross negligence differ in degree of inattention"; while "[g]ross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence," "it is something less than . . . willful, wanton, and reckless conduct.").

"Ordinarily, the question whether gross negligence has been established is a matter of fact to be decided by a jury. Nevertheless, when persons of reasonable minds could not differ upon the conclusion that such negligence has not been established, it is the court's duty to so rule." *Carter*, 292 Va. at 622 (quoting *Frazier v. Norfolk*, 234 Va. 388, 393 (Va. 1987)). Because "the standard for gross negligence [in Virginia] is one of indifference, not inadequacy," a claim for gross negligence must fail as a matter of law when the evidence shows that the defendants exercised some degree of care. *Carter*, 292 Va. at 622 (quoting *Kuykendall v. Young Life*, 261 F. App'x 480, 491 (4th Cir. 2008) (relying on *Frazier*, 234 Va. at 392, *Chapman*, 252 Va. at 190, and *Cowan*, 268 Va. at 486–87 to interpret Virginia law); *see, e.g., Colby v. Boyden*, 241 Va. 125, 133 (Va. 1991) (affirming the circuit court's ruling that the plaintiff failed to establish a prima facie case of gross negligence when the evidence showed that the defendant "'did exercise some degree of diligence and care' and, therefore, as a matter of law, his acts could not show 'utter disregard of prudence amounting to complete neglect of the safety of another'").

Here, unidentified police officers called for an ambulance and emergency medical personnel to treat the Plaintiff. Compl. ¶ 14. Pursuant to *Elliott*, any claims for gross negligence against Defendant fail because Newport News Police Officers called an ambulance to treat Plaintiff. Additionally, Plaintiff's Complaint fails to identify what act or omission amounted to gross negligence under Virginia law. Because the Complaint does not identify what conduct resulted in gross negligence, the Complaint fails to include facts that either state or support a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). For this reasons, Plaintiff's negligence charge is dismissed.

**Punitive Damages:**

Plaintiff moves for punitive damages in the amount of Five Million Dollars ($5,000,000).

The Supreme Court of Virginia stated:

> Punitive damages, the purpose of which is not so much to compensate the plaintiff but to punish the wrongdoer and to warn others, may be recovered "only where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others."

*Hamilton Dev. Co. v. Broad Rock Club, Inc.*, 248 Va. 40, 45 (Va. 1994) (quoting *Giant of Virginia, Inc. v. Pigg*, 207 Va. 679, 685 (Va. 1967)); *accord Puent v. Dickens*, 245 Va. 217, 219 (Va. 1993).

The societal and legal rationale for the imposition of punitive is punishment of an outrageous act. *See Simbeck, Inc. v. Dodd-Sisk Whitlock Corp.*, 257 Va. 53, 58 (Va. 1999). Accordingly, the broad rule governing the award of punitive damages is that such damages may be recovered only when there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of another. *Id.* The purpose of punitive damages is not so much to compensate the plaintiff, but to punish the wrongdoer and to warn others. *Id.*

Here, Plaintiff admits that he violated the law, and the officers had probable cause to arrest him. While Plaintiff may have endured some injuries during the arrest, without more, there is no factual support for the assertion that Defendant's actions were outrageous, malicious, or done with an evil motive. Accordingly, the Court finds that Plaintiff is not entitled to punitive damages.

**Affirmative Defense: Qualified Immunity**

Given the Court's dismissal of the complaint without prejudice, it does not need to address Defendant's qualified immunity defense.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and parties of record

**IT IS SO ORDERED.**

Norfolk, Virginia
September 14, 2017

/s/
Raymond A. Jackson
United States District Judge